UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CYNTHIA C. F.,[1] <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 2:18-cv-04814-JDE <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Cynthia C. F. ("Plaintiff") filed a Complaint on May 31, 2018, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed a Joint Submission ("Jt. Stip.") regarding the issue in dispute. The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

# I.
# BACKGROUND

Plaintiff applied for DIB on January 29, 2017, alleging disability commencing on December 27, 2013. Administrative Record ("AR") 216-17, 230, 233. After two denials of her application (AR 119, 131), Plaintiff requested an administrative hearing, which was held on July 18, 2017. AR 47. Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ"), as did a vocational expert ("VE"). AR 48-76.

On December 1, 2017, the ALJ issued a written decision finding Plaintiff was not disabled. AR 21-33. The ALJ found Plaintiff had not engaged in substantial gainful employment since December 27, 2013 and suffered from severe impairments of hypertension, pituitary macroadenoma status post-surgical removal, and obesity. AR 23. The ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment and found she had the residual functional capacity ("RFC") to perform light work, except she can occasionally climb ladders, frequently perform other postural activities, but could never work at unprotected heights or around moving mechanical parts. AR 26-27.

The ALJ determined Plaintiff was capable of performing her past relevant work as a salesperson, women's apparel and accessories (Dictionary of Occupational Titles ["DOT"] 261.357-066), demonstrator (DOT 297.354-010), and counter supervisor (DOT 311.137-101). AR 32. Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act ("SSA"), from the alleged onset date through the date of the decision. AR 32-33.

Plaintiff's request for review of the ALJ's decision by the Appeals Council was denied, making the ALJ's decision the Commissioner's final decision. AR 1-7. This action followed.

# II.
# LEGAL STANDARDS

**A. Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

Lastly, even when an ALJ errs, the Court will uphold the decision where that error is harmless. Molina, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted).

**B. Standard for Determining Disability Benefits**

When the claimant's case has proceeded to consideration by an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina, 674 F.3d at 1110.

First, the ALJ considers whether the claimant currently works at a job that meets the criteria for "substantial gainful activity." Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to determine whether the claimant's impairments render the claimant disabled because they "meet or equal" any of the "listed impairments" set forth in the Social Security regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015).

If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p. After determining the claimant's RFC, the ALJ proceeds to the fourth step and determines whether the claimant has the RFC to perform her past relevant work, either as she "actually" performed it when she worked in the past, or as that same job is "generally" performed in the national economy. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016).

If the claimant cannot perform her past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or

regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999). If the claimant can do other work, she is not disabled; but if the claimant cannot do other work and meets the duration requirement, the claimant is disabled. See Id. at 1099.

The claimant generally bears the burden at each of steps one through four to show she is disabled, or she meets the requirements to proceed to the next step; and the claimant bears the ultimate burden to show she is disabled. See, e.g., Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a "limited" burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

The parties present one disputed issue: Whether the ALJ properly considered the examining opinion of Dr. Sarah Maze. Jt. Stip. at 4.

### A. The Evaluation of Dr. Maze's Opinion in Fashioning the RFC

1. Applicable Law

In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and "the effects of symptoms, including pain, that are reasonably attributable to the medical condition." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted). "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009); see also 20 C.F.R. § 416.902. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." Lester v. Chater, 81 F.3d 821, 830

(9th Cir. 1995). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." Id. "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons" supported by substantial evidence in the record. Carmickle v. Comm'r, Sec. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citation omitted); Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle, 533 F.3d at 1164 (citation omitted). "The ALJ need not accept the opinion of any physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical findings." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

2. Analysis

On August 14, 2015, at the request of the Agency, Dr. Maze examined Plaintiff and completed a neurological evaluation. AR 580-83. Regarding Plaintiff's mental status, Dr. Maze found her mentation slightly slowed, and her general fund of knowledge slightly reduced. AR 581. Regarding coordination, Dr. Maze found Plaintiff's finger-nose-finger and rapid alternative movements were performed well, but her rhythmic-toe-tapping was performed with "mild coarse slowness bilaterally." AR 582. Dr. Maze found Plaintiff walked in a stable manner, she but stood slowly from a seated position was positive on the Romberg test.[2] AR 582. Dr. Maze's impression was "Post Resection of [P]ituitary Tumor" and "Generalized Weakness." AR 582. Dr.

---

[2] "The Romberg test is designed to demonstrate a loss of postural control. When a patient sways or falls with [her] eyes closed while standing with feet together, it is considered to be a positive. A positive Romberg's test has been linked to causes of proprioceptive deficits, tabes dorsalis, and sensory neuropathies." Soria v. Colvin, 2013 WL 1820088, at *4 (E.D. Cal. Apr. 30, 2013).

6

Maze, not accounting for age or gender, assessed the following functional limitations: (1) Plaintiff can occasionally lift ten pounds and frequently lift five pounds; (2) Plaintiff is able to stand and walk two hours of an eight-hour workday; and (3) Plaintiff can sit six hours of an eight-hour workday. AR 582.

The ALJ discussed Dr. Maze's opinion as follows:

> Upon examination, the claimant exhibited slight diffuse weakness. Otherwise her clinical examination was unremarkable. Dr. Maze opined [Plaintiff] can lift ten pounds occasionally and five pounds frequently, stand and walk for two hours in an eight-hour workday, si[t] for six hours in an eight -hour workday. For the same reasons discussed regarding the opinion[s] of Drs. Bullard and Lowell, I give significant weight to Dr. Maze's opinion regarding the [Plaintiff]'s ability to sit, and little weight to her remaining opinion.

AR 31-32 (record citations omitted).

Having carefully reviewed the record, the Court finds that the ALJ's evaluation of Dr. Maze's opinion is not legally sufficient.

First, the ALJ improperly discounted the opinion because it was "[o]therwise . . . unremarkable." The Court interprets this as a finding that the opinion was not supported by objective findings. See, e.g, Bair v. Comm'r Soc. Sec. Admin., 2018 WL 2120274, at *5 (D. Or. May 8, 2018) (interpreting ALJ's reliance on "unremarkable" imaging and neurological examination as a purported lack of objective evidence supporting symptoms). This reason, without more, is insufficient. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (ALJ's rejection of treating physician's opinion on ground that it was contrary to clinical findings in record was "broad and vague"); Vaughn v. Comm'r Soc. Sec. Admin., 2012 WL

28561, *5 (D. Or. Jan. 4, 2012) ("[T]he general reference to inconsistency with the medical evidence of record is not a specific reason [to reject a treating physician's opinion]. It is simply too vague to allow meaningful review."); Schulz v. Astrue, 849 F. Supp. 2d 1049, 1052 (W.D. Wash. 2011) ("To simply say a medical opinion is not supported by the medical evidence is a conclusory statement and not an adequate reason to reject the opinion.").

The second purported rationale – that part of Dr. Maze's opinion was given little weight "for same reasons discussed regarding the opinion[s] of Drs. Bullard and Lowell – is similarly deficient. The ALJ assigned "great," "significant," and "reduced" weight to aspects of Dr. Bullard and Dr. Lowell's opinions. AR 31. However, the only discernable ground for assigning "reduced" weight to the opinions was the ALJ's statement that they were "partially consistent with the evidence of record." AR 31. Again, this reason, by itself, is insufficient to discount Dr. Maze's opinion. See Embrey, 849 F.2d at 421-22; McAllister, 888 F.2d at 602; Vaughn, 2012 WL 28561 at *5; Schulz, 849 F. Supp. 2d at 1052. Indeed, the Commissioner does not even advance this as a reason supporting the decision, or address Plaintiff's argument that the ALJ's agreement with the opinions of Dr. Bullard and Dr. Lowell is not substantial evidence supporting the discounting of Dr. Maze's opinion[3]. Jt. Stip. at 9-11; see Kinley v. Astrue, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this [aspect of claimant's] argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

---

[3] The Commissioner's only mention of the opinions of Dr. Bullard and Dr. Lowell is in the request for relief, as a reason for remand if the Court determines the ALJ erred in the ALJ's consideration of Dr. Maze's opinion. Jt. Stip. at 14.

8

Accordingly, the ALJ improperly discounted Dr. Maze's opinion. It is unclear, however, whether the error was harmless. Plaintiff contends that Dr. Maze's opinion was tantamount to an opinion that Plaintiff was limited to sedentary work, which she argues would require a disability finding because Plaintiff was 50 years old during the relevant period and the VE testified that there were no transferable skills from Plaintiff's past relevant work to the sedentary level. Jt. Stip. at 9. The Commissioner, again, does not respond to this aspect of Plaintiff's argument. See Kinley, 2013 WL 494122 at *3. Nonetheless, it is not entirely clear whether the VE considered all the functional limitations assigned by Dr. Maze. Although the ALJ asked the VE about the transferability of past relevant work skills to the sedentary level (AR 74), and even though Plaintiff's attorney attempted to reiterate a portion of Dr. Maze's opinion (AR 74-75), a hypothetical with all of Dr. Maze's assessed limitations, including the sitting limitation in conjunction with the other limitations and Plaintiff's age, was never presented to the VE. AR 74-75.

Such testimony is necessary to make a harmlessness finding here. See, e.g., Devery v. Colvin, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine harmlessness of ALJ's failure to discuss reasons she rejected limitations because VE did not testify that a hypothetical person with those limitations could work); Dunlap v. Astrue, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the VE would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion."). Further, the ALJ's terse treatment of Dr. Maze's opinion left unanswered questions about how her opinion meshed with credited portions opinions of Dr. Bullard and Lowell. AR 31, 107-18, 120-30. As the Court lacks sufficient information to determine the error was inconsequential to the disability determination, the Court cannot find the error harmless.

### B. Remand is appropriate.

The decision whether to remand for further proceedings is within this Court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004); <u>Harman</u>, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").

On remand, the ALJ shall consider the opinion and assessed limitations of Dr. Maze in conjunction with Plaintiff's age and the other opinions, make appropriate findings regarding the opinions and assessed limitations, reassess Plaintiff's RFC in light of those opinions and limitations, if warranted, and then, with the assistance of a VE, proceed through step four and step five of the sequential evaluation, if necessary. Because it is unclear whether Plaintiff is in fact disabled, remand here is on an "open record." <u>See</u> <u>Brown-Hunter</u>, 806 F.3d at 495; <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-16 (9th Cir. 2003). The parties may freely take up any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

### IV.
### ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: March 05, 2019

JOHN D. EARLY
United States Magistrate Judge